# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GORDILLO, et al., and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a Delaware corporation,<br><br>Defendant. | 1:09-cv-01954 AWI GSA<br><br>ORDER RE DEFENDANT'S MOTION FOR STAY OF ALL PROCEEDINGS<br><br>(Document 22) |

## INTRODUCTION

On December 22, 2009, Defendant Bank of America, N.A. ("B of A"), a Delaware corporation, moved for a stay of the instant proceedings. (Doc. 22.) On December 30, 2009, Plaintiff Andrew Gordillo filed a response to the motion. (Doc. 28.) On January 12, 2009, this Court took the matter under submission, without oral argument, pursuant to Local Rule 230(g). (Doc. 29.)

//

//

1

**DISCUSSION**

*The Parties' Positions*

B of A seeks a stay of the instant proceedings as counsel has filed an Application and Motion to Transfer all similar actions with the Judicial Panel on Multidistrict Litigation ("MDL"), pursuant to Title 28 of the United States Code section 1407.

Currently, a total of twelve similar cases are pending in eight federal district courts across the country alleging the same or substantially similar claims and factual allegations against B of A, generally claiming that B of A required all call center employees to work prior to and after clocking in and out for their shifts without pay. B of A states that "plaintiffs in each of the pending cases assert that the alleged violations resulted from overreaching common corporate policies and practices allegedly used by Defendant nationwide." (Doc. 22 at 2.) All plaintiffs seek payment for unpaid overtime wages, as well as penalties provided for under federal and/or state law. (Doc. 22 at 2-3.)

On December 10, 2009, counsel for B of A filed the aforementioned application and motion requesting that the twelve pending federal cases be coordinated in and transferred to a single judicial district. The application and motion includes the instant matter. Plaintiffs had until December 30, 2009, to file any response thereto,[1] and B of A was to file any reply no later than January 8, 2010. (Doc. 22 at 3.)

Because the Court retains jurisdiction over the matter in spite of the pending MDL application and motion to transfer, B of A seeks a stay of this action "until such time as the MDL Panel has ruled on the pending" application. (Doc. 22 at 4.) Doing so would eliminate the risk of duplicate litigation, including discovery and law and motion matters, argues B of A, and would serve the interests of judicial economy. (Doc. 22 at 5.) Moreover, B of A argues a stay would benefit the parties to this litigation. More particularly, B of A "would be forced into the

---

[1]The Court acknowledges receipt of courtesy copies of responses to the application and motion provided to it on behalf of five plaintiff groups.

2

patently disadvantageous position of developing and presenting defenses to similar claims in eight separate district courts . . . [and] duplicative discovery." (Doc. 22 at 6.) B of A asserts Plaintiff will not be prejudiced as the litigation only recently commenced, and as a result, the case is in its infancy regarding discovery. Additionally, B of A points out that "there are no looming deadlines for class certification motions" and thus Plaintiff will not suffer harm or prejudice as a result of any stay. (Doc. 22 at 7.)

On December 30, 2009, Plaintiff filed a response to the motion wherein he indicates that in exchange for his agreement to stay the case pending a ruling from the MDL Panel, B of A has agreed that he may continue to file the consent to join form for any person who desires to opt-in to the litigation. (Doc. 28.) Thus, Plaintiff does not oppose the instant motion.

*Analysis*

Granting a motion to stay is within the sound discretion of the Court. "A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D.Cal.1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). When considering a motion to stay, the court weighs a series of competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55). Other courts have articulated and interpreted this third factor as a question of judicial economy. *See Rivers*, 980 F.Supp. at 1360.

//
//

1  Here, the parties have agreed to a stay of the proceedings pending the decision by the
2  MDL Panel. The Court notes the stay would not impose a hardship or inequity, and would serve
3  the interests of judicial economy.
4  Moreover, the decision to issue a stay is consistent with the rulings of "a majority of
5  courts [that] have concluded that it is often appropriate to stay preliminary pretrial proceedings
6  while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial
7  resources that are conserved." *Rivers v. Walt Disney Co.*, at 1362 (citing *American Seafood*,
8  1992 WL 102762, at *6 (citing *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725
9  (D.N.J.1991)); *Portnoy v. Zenith Labs*., 1987 WL 10236, at *1 (D.D.C.1987)).

## CONCLUSION AND ORDER

For the foregoing reasons, this Court shall stay this action in its entirety until the Judicial Panel on Multidistrict Litigation has ruled on the pending Application and Motion for Transfer to a single judicial district. All deadlines in these matters are VACATED until after the MDL Panel's ruling is issued. Should the MDL Panel deny the pending motion, Defendant shall immediately notify the Court by filing a status report.

IT IS SO ORDERED.

Dated:  **January 13, 2010**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE